UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61639-BLOOM/Valle

TODD E. WATSON,

    Plaintiff,
v.

BROWARD COUNTY SHERIFF'S OFFICE,
*et al.*,

    Defendants.
    _____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff Todd E. Watson's ("Plaintiff") Motion for Leave to proceed *in forma pauperis*, ECF No. [3] (the "Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1]. The Court has carefully considered the Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Complaint is dismissed, and the Motion is denied as moot.

Plaintiff, a *pro se* litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Section 1915 requires courts to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim is frivolous when it 'has little or no chance of success,' that is, when it appears 'from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.'" *Hoang v. DeKalb Housing Auth.*, 2014 WL 1028926, at *1 (N.D. Ga. Mar. 19, 2014) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim is frivolous "where it lacks an arguable basis either in law or in fact").

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Notwithstanding such leniency, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp 2d 1256, 1264 (S.D. Fla. 2004) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). The Court cannot simply "fill in the blanks" to infer a claim, *Brinson v. Colon*, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), as "it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8," *Sanders v. United States*, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009); *see Bivens v. Roberts*, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic

imprecision that untrained legal minds sometimes employ.") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). In determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations" while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

The Plaintiff again seeks to assert claims against various state court judges in Broward and Miami-Dade, the state attorneys in Broward and Miami-Dade, the public defenders in Broward and Miami-Dade, various law enforcement agencies and officers, and others—and includes over 1,800 pages of irrelevant attachments—for conspiracy to violate and violation of his constitutional rights pursuant to 42 U.S.C. § 1983, malicious prosecution, intentional infliction of emotional distress, spoliation, and prosecutorial misconduct, in relation to his conviction and sentencing in two cases before the state court for possession of oxycodone, driving under the influence ("DUI"), and trafficking in oxycodone, and subsequent arrest and conviction in Miami-Dade County for stalking and threats/extortion. This is the sixth lawsuit Plaintiff has filed in this District involving his convictions, and the second lawsuit before this Court asserting similar claims.[1] As in Plaintiff's previous case before this Court, the Complaint here must be dismissed because it is frivolous and fails to state a claim upon which relief can be granted.

As pled, the Complaint is devoid of actionable claims. Moreover, the Complaint is the antithesis of a short and plain statement of the facts, in which Plaintiff once again engages the Court in an incoherent and lengthy narrative about a conspiracy of corruption in the criminal justice

---

[1] *See Watson v. Dep't of Corrs.*, Case No. 12-cv-60652-Williams/White (28 U.S.C. § 2254 petition); *Watson v. U.S. Dep't of Justice*, Case No. 15-cv-62553-Cohn/White (Freedom of Information Act request); *Watson v. Dep't of Corrs.*, Case No. 16-cv-61121-Zloch/White (28 U.S.C. § 2254 petition); *Watson v. U.S. Dep't of Justice*, Case No. 15-cv-23464-Ungaro/White (prior § 1983 action); *Watson v. Lambert*, Case No. 17-cv-61368-Bloom (prior § 1983 action).

system in Florida specifically targeting him. For this reason alone, the Complaint is due to be dismissed as a shotgun pleading. *See Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (shotgun pleading refers to pleadings that are "replete with factual allegations and rambling legal conclusions"). The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

In addition, the state actor defendants are immune from liability. *See Edwards v. Wallace Cmty. College*, 49 F.3d 1517, 1524 (11th Cir. 1995) ("A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (state prosecutors enjoy absolute immunity from section 1983 liability for damages for initiating a prosecution and presenting the state's case); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."). Therefore, Plaintiff cannot assert a valid claim against the various judges, prosecutors, and public defenders. Furthermore, to the extent that Plaintiff's § 1983 claims are premised upon events that occurred prior to 2015, those claims would be barred by the statute of limitations. *See City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum

state's residual personal injury statute of limitations, which in Florida is four years.").

Plaintiff's claims are clearly baseless and, thus, must be dismissed.  *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar"); *Neitzke*, 490 U.S. at 328 (a complaint is legally frivolous when it contains "claims of infringement of a legal interest which clearly does not exist"); *Gallop v. Cheney*, 642 F.3d 364, 366, 368-69 (2d Cir. 2011) (district court properly *sua sponte* dismissed complaint as factually frivolous where plaintiff alleged that senior government officials caused the September 11, 2001 attacks); *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (holding that complaint may be dismissed before service of process where its legal theories are indisputably meritless).

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**, and the Motion, **ECF No. [3]**, is **DENIED AS MOOT**.  The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, on July 9, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Todd E. Watson, *pro se*
2424 Okeechobee Lane
Fort Lauderdale, Florida 33312

5